IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| A.K.C. a minor, by and through his Mother and Father and Next Friend, and JARROD COKER And BARBARA W. COKER, individually,<br><br>     Plaintiffs,<br><br>v.<br><br>CONAGRA FOODS, INC.; WINN-DIXIE MONTGOMERY, INC.; Defendants "A" and "B", the inspector or technician who either failed to inspect the peanut butter purchased by Plaintiffs upon the occasion made the basis of this suit; Defendant "C", the person, firm or corporation responsible for the maintenance and inspection of the manufacturing plant producing the peanut butter which was purchased by Plaintiff; Defendant "D", the person, firm or corporation responsible for the preparation of the peanut butter containers upon the occasion made the basis of this suit, all of those whose true names are unknown to Plaintiff at this time but, will be added by Amendment when ascertained,<br><br>     Defendants. | CIVIL ACTION FILE NO.<br>2:07cv-00743-MHT |

## **ANSWER**

Defendant ConAgra Foods, Inc. (hereinafter "ConAgra" or "Defendant"), by counsel, and for answer to Plaintiffs' Complaint heretofore filed in this matter, states as follows:

1.  ConAgra is without sufficient information with which to admit or deny the allegations contained within this paragraph, and therefore, they are denied and strict proof thereof is demanded.

2. ConAgra is without sufficient information with which to admit or deny the allegations contained within this paragraph, and therefore, they are denied and strict proof thereof is demanded.

3. ConAgra admits that it is a Delaware corporation that has transacted business in Alabama, and that it manufactured and sold Peter Pan peanut butter. All other allegations contained in paragraph 3 of the Complaint are denied, and strict proof thereof is demanded.

4. ConAgra is without sufficient information with which to admit or deny the allegations contained within this paragraph, and therefore, they are denied and strict proof thereof is demanded.

5. ConAgra is without sufficient information with which to admit or deny the allegations contained within this paragraph, and therefore, they are denied and strict proof thereof is demanded.

## SUMMARY OF FACTS

6. ConAgra admits that Plaintiffs purport to bring an action for injuries from consumption of Peter Pan peanut butter allegedly contaminated with salmonella, but denies the remaining allegations of this paragraph. ConAgra specifically denies that Plaintiffs are entitled to damages or any other relief whatsoever.

7. ConAgra is without sufficient information with which to admit or deny the allegations contained within this paragraph, and therefore, they are denied and strict proof thereof is demanded.

8. ConAgra is without sufficient information with which to admit or deny the allegations contained within this paragraph, and therefore, they are denied and strict proof thereof is demanded.

9. ConAgra is without sufficient information with which to admit or deny the allegations contained within this paragraph, and therefore, they are denied and strict proof thereof is demanded.

10. ConAgra is without sufficient information with which to admit or deny the allegations contained within this paragraph, and therefore, they are denied and strict proof thereof is demanded.

11. ConAgra admits that the Food and Drug Administration inspected its Svlvester, Georgia, plant in 2005, but denies all remaining allegations contained in paragraph 11 of the Complaint, and demands strict proof thereof.

## Count I
## ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

12. ConAgra admits that it has manufactured and sold Peter Pan Peanut Butter. ConAgra is without sufficient information with which to admit or deny the remaining allegations contained within this paragraph, and therefore, they are denied and strict proof thereof is demanded.

13. ConAgra states that the allegations within this paragraph contain legal conclusions to which no response is required, but to the extent a response may be required, ConAgra denies each and every allegation of paragraph 13 of the Complaint.

14. ConAgra denies the allegations contained in paragraph 14 of the Complaint, and demands strict proof thereof.

15. ConAgra admits that its the Peter Pan peanut butter was manufactured and sold for human consumption, but denies each and every remaining allegation contained in paragraph 15 of the Complaint, and demands strict proof thereof.

16. ConAgra denies the allegations contained in paragraph 16 of the Complaint, and demands strict proof thereof.

## Count II
## BREACH OF WARRANTIES

17. ConAgra reasserts and incorporates by reference herein all of its foregoing answers to paragraphs numbered 1-16 of the Complaint as set forth above.

18. ConAgra states that the allegations contained in paragraph 18 of the Complaint contain legal conclusions to which no response is required, but to the extent a response may be required, denies each and every allegation contained in paragraph 18 of the Complaint.

19. ConAgra states that the allegations contained in paragraph 19 of the Complaint contain legal conclusions to which no response is required, but to the extent a response may be required, denies each and every allegation contained in paragraph 19 of the Complaint.

20. ConAgra states that the allegations contained in paragraph 20 of the Complaint contain legal conclusions to which no response is required, but to the extent a response may be required, denies each and every allegation contained in paragraph 20 of the Complaint.

21. ConAgra states that the allegations contained in paragraph 21, including subparts (a) through (c), of the Complaint contain legal conclusions to which no response is required, but to the extent a response may be required, denies each and every allegation contained in paragraph 21 of the Complaint.

22. ConAgra denies the allegations contained in paragraph 22 of the Complaint, and demands strict proof thereof.

## Count III
## NEGLIGENCE AND WANTONNESS

23. ConAgra reasserts and incorporates by reference herein all of its foregoing answers to paragraphs numbered 1-22 of the Complaint as set forth above.

24. ConAgra denies the allegations contained in paragraph 24 of the Complaint, and demands strict proof thereof.

25. ConAgra states that the allegations contained in the first sentence of paragraph 25 of the Complaint contain legal conclusions to which no response is required, but to the extent a response may be required, denies each and every allegation contained in the first sentence of paragraph 25 of the Complaint. ConAgra denies the remaining allegations contained in paragraph 25 of the Complaint, and demands strict proof thereof.

## Count IV
## GROSS NEGLIGENCE

26. ConAgra reasserts and incorporates by reference herein all of its foregoing answers to paragraphs numbered 1-25 of the Complaint as set forth above.

27. ConAgra denies the allegations contained in paragraph 27 of the Complaint, and demands strict proof thereof.

28. ConAgra denies the allegations contained in paragraph 28 of the Complaint, and demands strict proof thereof. Furthermore, ConAgra specifically denies that Plaintiffs are entitled to any damages, punitive damages, or other relief.

## Count IV
## STRICT LIABILITY

29. ConAgra reasserts and incorporates by reference herein all of its foregoing answers to paragraphs numbered 1-28 of the Complaint as set forth above.

30. ConAgra is without sufficient information with which to admit or deny the allegations contained within this paragraph, and therefore, they are denied and strict proof thereof is demanded.

31. ConAgra is without sufficient information with which to admit or deny whether the jar has been tampered with, and thus denies this allegation and demands strict proof thereof. ConAgra denies the remaining allegations contained in paragraph 31 of the Complaint, and demands strict proof thereof.

32. ConAgra states that the allegations contained in paragraph 32 of the Complaint contain legal conclusions to which no response is required, but to the extent a response may be required, denies each and every allegation contained in paragraph 32 of the Complaint.

33. ConAgra states that the allegations contained in paragraph 33 of the Complaint contain legal conclusions to which no response is required, but to the extent a response may be required, denies each and every allegation contained in paragraph 33 of the Complaint.

34. ConAgra denies each and every allegation contained in paragraph 34 of the Complaint.

In response to the unnumbered paragraph following paragraph 34 of the Complaint, ConAgra denies that Plaintiffs are entitled to the relief requested in subparts (1) through (4). ConAgra specifically denies that Plaintiffs are entitled to any damages, punitive damages, or other relief.

## GENERAL DENIAL

ConAgra denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

ConAgra reserves the right to rely upon the following affirmative defenses to the claims asserted in Plaintiffs' Complaint to the extent supported by evidence later developed or facts later learned, without now assuming the burden of proof on any such defense that would otherwise rest on Plaintiffs and with the reservation of its right to amend or supplement its responses to Plaintiffs' Complaint, as well as its affirmative defenses, as information is gathered through discovery:

### FIRST DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which relief can be granted against this Defendant.

### SECOND DEFENSE

Plaintiffs' Complaint is preempted by applicable state or federal laws.

### THIRD DEFENSE

Plaintiffs' alleged injuries were caused by other events, conditions, instrumentalities, and/or acts or omissions of an individual or entity over whom or which defendant exercised no control.

### FOURTH DEFENSE

Defendant would further show that Plaintiffs' illnesses, if any, were the result of natural health processes and would have occurred just as they did irrespective of the Defendant's actions or conduct.

## FIFTH DEFENSE

There is no causal relation to the claims being made by the Plaintiffs in this matter and this Defendant's conduct.

## SIXTH DEFENSE

This Defendant denies any of its acts or omissions were the proximate cause of Plaintiffs' injuries.

## SEVENTH DEFENSE

At all material times, Defendant acted with due care and complied with applicable statutory, regulatory, and common law requirements. Accordingly, some or all of the Plaintiffs' claims are or may be barred by Defendant's compliance with all applicable state, federal, and local laws and regulations.

## EIGHTH DEFENSE

Some or all of Plaintiffs' claims are not properly before this Court because of the doctrine of primary jurisdiction. This Court should abstain and defer to the jurisdiction of public agencies, including but not limited to, the U.S. Food and Drug Administration and applicable state agencies.

## NINTH DEFENSE

This Defendant pleads the affirmative defenses of estoppel, waiver, modification, ratification and novation.

## TENTH DEFENSE

Any calculation or award of punitive damages against this Defendant based in whole or in part upon this Defendant's alleged conduct toward nonparties is unconstitutional

and constitutes a taking of Defendant's property without due process. <u>Philip Morris USA v. Williams</u>, 127 S.Ct. 1057 (2007).

### ELEVENTH DEFENSE

The negligence of Plaintiffs and their failure to use that degree of care as would have been used by ordinary, reasonable, and prudent persons under the same or similar circumstances was a, or the sole, proximate cause of their injuries.

### TWELFTH DEFENSE

This Defendant asserts the defenses of release, payment and setoff.

### THIRTEENTH DEFENSE

Plaintiffs' alleged damages were the result, in part, of pre-existing injuries or conditions.

### FOURTEENTH DEFENSE

Plaintiffs' claims are barred by this jurisdiction's cap on punitive damages.

### FIFTEENTH DEFENSE

The Complaint fails to state a claim for punitive damages under Ala. Code §§ 6-11-20 to 6-11-30 (1975).

### SIXTEENTH DEFENSE

Defendant was not grossly negligent and thus cannot be held responsible or liable for alleged gross negligence and/or punitive damages.

### SEVENTEENTH DEFENSE

Any award of punitive damages against Defendant in this matter based on Defendant's conduct outside of this jurisdiction would impose unreasonable state limitations on interstate commerce in violation of the Commerce Clause of the United States Constitution and would be

in violation of the United States' Supreme Court's holding in <u>State Farm v. Campbell</u>, 538 U.S. 408, 154 L. Ed. 2d 585, 123 S. Ct. 1513 (2003).

### EIGHTEENTH DEFENSE

Any award of punitive damages against Defendant in the matter based upon a single course of conduct or enterprise for which punitive damages have already been imposed would constitute unreasonable state limitations on interstate commerce in violation of the Commerce Clause of the United States Constitution.

### NINETEENTH DEFENSE

Defendant affirmatively alleges that Plaintiffs' claims are barred by the doctrine of comparative/contributory negligence.

### TWENTIETH DEFENSE

Punitive damages may not be awarded:

(a) Without proof of every element beyond a reasonable doubt, or in the alternate without proof by clear convincing evidence;

(b) Without bifurcating the trial of all punitive issues, including punitive liability;

(c) With no limits, including the maximum amount that a jury may impose in this jurisdiction;

(d) With no limits, including the constitutional prohibition against punitive damages awards being greater than a single-digit multiplier of any compensatory damages award, <u>See State Farm v. Campbell</u>, 538 U.S. 408, 154 L. Ed. 2d 585, 123 S. Ct. 1513 (2003);

(e) Which improperly compensates Plaintiff for elements of damage not otherwise recognized under the laws of this jurisdiction;

(f) Without standards or sufficient clarity for determining the appropriateness of appropriate size of the award;

(g) Without consideration of the three constitutional guideposts of reprehensibility, ratio, and civil penalties, See State Farm v. Campbell 538 U.S. 408, 154 L. Ed. 2d 585, 123 S. Ct. 1513 (2003);

(h) Without appropriate instructions on the limits of punitive damages imposed by the applicable principles of deterrence and punishment;

(i) Under a vague and arbitrary standard that does not define the necessary conduct or mental state required for punitive damages; and

(j) Without judicial review on the basis of objective standards, including the three constitutional guideposts of reprehensibility, ratio, and civil penalties, See State Farm v. Campbell, 538 U.S. 408, 154 L. Ed. 2d 585, 123 S. Ct. 1513 (2003).

## TWENTY-FIRST DEFENSE

Any award of punitive damages against Defendant in this matter would violate Defendant's guarantees of due process of protection against double jeopardy, excessive fines and multiple punishments under the Fifth and Fourteenth Amendments to the United States Constitution and under applicable law of this jurisdiction, since Defendant is subject to multiple punitive awards for the same alleged wrong or conduct.

## TWENTY-SECOND DEFENSE

This Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards as articulated in *BMW of North America, Inc. v. Gore*, 701 So.2d 507 (Ala. 1997), and *Foremost Insurance Co. v. Parham*, 693 So.2d 409 (Ala. 1997). More specifically, that any award of such damages is

limited according to (a) the degree of reprehensibility of each Defendants' conduct; (b) the ratio of actual or likely harm to punitive damages; (c) any sanctions for comparable misconduct; (d) the removal of any profit for the Defendant by the punitive damages; (3) the financial position of each Defendant; (f) any relevant criminal sanctions; (g) any other relevant civil actions.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims for damages are subject to the limitations contained in the Code of Alabama, as amended, section 6-11-20 (clear and convincing evidence standard), section 6-11-21 (punitive damages), and section 12-21-12 (substantial evidence and clear and convincing evidence standards).

### TWENTY-FOURTH DEFENSE

Defendant's product conformed to the state of the art for the design and manufacture of similar products at all times relevant to this litigation.

### TWENTY-FIFTH DEFENSE

Defendant's product was not unreasonably dangerous, given the state of knowledge regarding such products.

### TWENTY-SIXTH DEFENSE

Plaintiffs are estopped to pursue further relief in this action against ConAgra to the extent that Plaintiffs proceed with prosecution of any other class, consolidated or individual action in any jurisdiction against ConAgra, including but not limited to those certain actions instituted prior or subsequent to this action.

### TWENTY-SEVENTH DEFENSE

Discovery is not yet complete in this matter and this Defendant reserves the right to amend its Answer at a later date.

## TWENTY-EIGHTH DEFENSE

Defendant reserves the right to raise any additional defenses as may be revealed by discovery or investigation in this matter.

**Defendant demands a trial by Jury.**

WHEREFORE, ConAgra Foods, Inc. asks that the Complaint filed herein against it be dismissed and that it be awarded costs expended in this matter.

/s Timothy W. Knight
Timothy W. Knight (KNI021)

/s Lucy W. Jordan
Lucy W. Jordan (JOR037)
Attorneys for Defendant
ConAgra Foods, Inc.

**OF COUNSEL:**

Kee & Selby, LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243
(205) 968-9900
fax (205) 968-9909
email: tk@keeselby.com
         lj@keeselby.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 23, 2007, a copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail.

                                                                                                        s/ Lucy W. Jordan
                                                                                                        OF COUNSEL