**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

August 27, 2007

# NOTICE OF CORRECTION

**From:**   Clerk's Office

Case Style: **A.K.C., et al v. Conagra Foods, Inc.**
Case Number: **2:07-cv-743-MHT**

**Pleading : #1 - Notice of Removal**
             **#2 - Corporate/Conflict Disclosure Statement**

**Notice of Correction is being filed this date to advise that the referenced pleadings were filed on 8/21/2007 with improper signatures for Attorney Lucy Jordan.**

The corrected pdf documents are attached to this notice.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AKC ███████, a minor, by and through his Mother and Father and Next Friend, and JARROD COKER and BARBARA W. COKER, individually,<br><br>　　　Plaintiffs,<br>v.<br><br>CONAGRA FOODS, INC.; WINN-DIXIE MONTGOMERY, INC.; Defendants "A" and "B", the inspector or technician who either failed to inspect the peanut butter purchased by Plaintiffs upon the occasion made the basis of this suit; Defendant "C", the person, firm or corporation responsible for the maintenance and inspection of the manufacturing plant producing the peanut butter which was purchased by Plaintiff; Defendant "D", the person, firm or corporation responsible for the preparation of the peanut butter containers upon the occasion made the basis of this suit, all of those whose true names are unknown to Plaintiff at this time but, will be added by Amendment when ascertained,<br><br>　　　Defendants. | CIVIL ACTION FILE NO.<br><br>**JURY TRIAL DEMANDED**<br><br>2:07CV743-mht |

## NOTICE OF REMOVAL

Defendant ConAgra Foods, Inc. ("ConAgra"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby notify this Court that it is removing the above-captioned action currently pending in the Circuit Court for Autauga County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division. In support of this Notice of Removal, ConAgra states as follows:

1. Plaintiffs *AKC* ~~[redacted]~~, a minor, by and through his Mother and Father and Next Friend, and Jarrod Coker and Barbara Coker, individually, filed their Complaint against Defendants ConAgra and Winn-Dixie Montgomery, Inc. ("Winn-Dixie") in the Circuit Court for Autauga County, Alabama on July 17, 2007 (the "State Court Lawsuit"). Defendant ConAgra was served with Plaintiffs' Complaint on July 31, 2007. Defendant Winn-Dixie was served with Plaintiffs' Complaint on July 31, 2007. Thus, this Notice of Removal is filed with this Court within thirty (30) days of the receipt of Plaintiffs' Complaint as required by 28 U.S.C. § 1446(b).

2. Defendant Winn-Dixie was voluntarily dismissed on August 16, 2007, prior to filing an Answer. A true and correct copy of the State Court Lawsuit docket noting the dismissal is attached hereto as <u>Exhibit A.</u>

3. True and correct copies of all documents filed in the State Court Lawsuit are attached hereto as <u>Exhibit B</u>.

4. The basis for removal to federal court is diversity jurisdiction pursuant to 28 U.S.C. § 1332, because: (1) there is complete diversity of citizenship between Plaintiff and the ConAgra, and (2) the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

5. In accordance with 28 U.S.C. § 1446(d), ConAgra has contemporaneously filed a copy of this Notice of Removal (without exhibits) with the Clerk of the Circuit Court for Autauga County, Alabama.

6 In accordance with 28 U.S.C. § 1446(d), ConAgra has also given written notice to Plaintiffs by contemporaneously serving this Notice of Removal on counsel for Plaintiffs.

7.     As required by 28 U.S.C. § 1441, ConAgra seeks to remove this case to the United States District Court for the Middle District of Alabama, Northern Division, which is the District Court embracing the place where the State Court Lawsuit has been filed.

## DIVERSITY OF CITIZENSHIP

8.     Plaintiffs are residents of the State of Alabama. See Plaintiff's Complaint, ¶ 1. Defendant ConAgra is a Delaware Corporation with its corporate headquarters and principal place of business in Omaha, Nebraska. Id. at ¶ 2.

9.     Accordingly, complete diversity of citizenship existed between Plaintiffs and ConAgra at the time Plaintiffs' Complaint was filed, and complete diversity of citizenship exists at the time of removal. The fact that Plaintiffs have sued John Doe defendants is irrelevant. It is axiomatic under the removal statute that "[t]he citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); see also Green v. America Online, 318 F.3d 465, 470 (3d Cir. 2003) ("[Plaintiff] argues that the removal was defective because the John Doe defendants did not join the notice of removal. However, the general rule that all defendant must join in a notice of removal may be disregarded where, as here, the non-joining defendants are unknown.")

10.    Venue lies in this Court because Plaintiffs' action is pending in this district and division. See 28 U.S.C. § 1441(a).

## AMOUNT IN CONTROVERSY

11.    In the Complaint, Plaintiffs seek an unspecified amount of damages for illness allegedly caused by Plaintiffs *AKC* ▓▓▓▓▓▓▓'s ingestion of Peter Pan peanut butter and lost wages for Plaintiff Barbara W. Coker. See Plaintiffs' Complaint, ¶ 6 and the Wherefore paragraph following ¶ 34. Plaintiffs' Complaint further alleges that they incurred "over $20,000

3

in medical bills." Id. at 6. Additionally, Plaintiffs allege that they "had to endure severe pain and other symptoms." Id.

12.  Plaintiffs do not seek a specific amount of damages in their Complaint. However, a defendant may remove a suit to a federal count notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy. See Steele v. Underwriters Adjusting Co., Inc., 649 F. Supp. 1414, 1415 (N.D. Ala. 1986) (to disallow removal just because plaintiff did not allege a jurisdictional amount would be "simply unfair"); Kennedy v. Harris Corp., 728 F. Supp. 453 (E.D. Mich. 1989). As stated in White v. J.C. Penney Life Ins. Co., 861 F. Supp. 25, 26 (S.D. W.Va. 1994), the "rule could hardly be otherwise. For if it were, any Plaintiff could avoid removal simply by declining, as Plaintiff has done here, to place as specific dollar value upon its claim." Id.

13.  Although a removing defendant has the burden of proving the existence of federal jurisdiction, "where a Plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds*, Cohen v. Office Depot, Inc., 204 F3d 1069 (11th Cir. 2000). Thus, "where a plaintiff has made an unspecified demand for damages in state court, a remaining defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000][1] jurisdictional requirement." Tapscott, 77 F.3d at 1357.

14.  In addition to seeking compensatory damages, Plaintiffs are seeking punitive damages. Plaintiffs' Complaint, ¶ 28. It is well-settled that such exemplary or punitive damages are to be included in analyzing whether the amount of controversy requirement of diversity

---

[1] Tapscott was based on the former $50,000 jurisdiction amount under U.S.C. § 1332 as it existed prior to the effective date of the October 19, 1996, amendment raising the jurisdiction amount to $75,000, so the actual quote from Tapscott says "$50,000."

4

jurisdiction is met. See, e.g., Bassett v. Toyota Motor Credit Corp., 818 F. Supp. 1462 (S.D. Ala. 1993); Allstate Ins. Co. v. Hilbun, 692 F. Supp. 698 (S.D. Miss. 1988). In fact, courts routinely hold that the seeking of punitive damages by a plaintiff itself (without any consideration of other damages) meets the jurisdictional amount in controversy to be in federal court. See, e.g., Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995) ("A court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [the amount in controversy]. Accordingly, we hold that the face of the complaint supports the assertion of federal jurisprudence."); Napier v. Wal-Mart Stores East, LP, 2004 WL 950567 (S.D. Ind. 2004) (noting that the amount in controversy is met by the seeking of punitive damages alone because the state statute allows punitive damages in the amount required for the amount in controversy); Smith v. Associates Capital Bank, 1999 WL 33537131 (N.D. Miss. 1999) (stating that "the plaintiffs' inclusion of a claim for punitive damages in their original Complaint compels the conclusion...that the plaintiffs' claim for punitive damages alone exceeds the requisite amount in controversy."); Gilmer v. Walt Disney Co., 915 F. Supp. 1001, 1012 (W.D. Ark. 1996) (similar).

15.  Since Plaintiffs are seeking general and special damages for serious illness and treatment and because they are seeking punitive damages, it is apparent that the damages claimed by Plaintiffs, if proven, will likely exceed $75,000. See Sorenson v. Ashmore, 4 F. Supp.2d 669 (E.D. Tex. 1998); Cross v. Bell Helmets, USA, 927 F.Supp. 209 (E.D. Tex. 1996).

16.  The case of Arbourgh v. Sweet Basil Bistro, Inc., 740 So.2d 186 (La. Ct. App. 1999), is illustrative of the potential size of the claims being asserted here. In Sweet Basil, the Louisiana Court of Appeals found that a verdict of $88,256 for a single incident of food

poisoning was not excessive where the afflicted child, whose parents sued on his or their own behalves, experienced high temperatures, bloody diarrhea, and vomiting. 740 So.2d at 194-95.

17. Arbourgh is hardly the only example of a damages award over the jurisdictional amount in food poisoning case. Indeed, a quick search of verdicts, settlements, and arbitration/mediation awards nationwide reveals eight cases where $100,000 or more was awarded per plaintiff, and two claimants sickened by salmonella recovered more than $1 million.[2] Some of these awards date back almost two decades, and in present-value dollars, they would be even more.

18. In other complaints recently filed in other jurisdictions arising from facts that are virtually identical to those of this case and containing similar allegations regarding damages for individuals, plaintiffs have averred damages well above the jurisdictional amount.[3]

19. Indeed, in three cases containing similar allegations regarding damages, including two involving individual claims and one involving class allegations, three United States District Courts have denied remand. Patricia Ambrozich v. ConAgra Foods, Inc., Case No. 7:07-cv-

---

[2] See Lussow v. Brinker Int'l, Inc., 2003 WL 24858498, JVR No. 437,625 (Cook County, Ill., July 2003) ($950,000); Pavlounis v. L&B Spumoni Gardens, 2002 WL 31887106 (N.Y. Sup. Ct. July 8, 2002) ($220,000); Anonymous 32 Year Old Single Male v. Anonymous Restaurant, 2002 WL 1870399, JAS VA Ref. No. 400028WL (Va. Cir. Ct. Feb. 2, 2002) ($4,000,000); Doe v. Boll Weevil, Inc., 1999 WL 33498557 (Calif. Super. Ct. July 22, 1999) ($231,147); McVeigh v. Defendant, 1997 WL 33345708, 12 Nat. J.V.R.A. 5:17 (Camden County, N.J., May 6, 1997) ($180,000); Fortin v. Victory Supermarket, 1993 WL 1466123, JAS MA Ref. No. 92295WL (Mass. Super. Ct. June 3, 1993) ($1.1 million); Santos v. Gerard & Aramig Corp., 1990 WL 482610, JVR No. 79,277 (N.Y. Sup. Ct. June 1990) ($100,000 to plaintiff; $25,000 to spouse for loss of service); Plaintiff v. Defendant, 1986 WL 454072, JVR No. 18,213 (Mass. Super. Ct. 1986) ($100,000).

[3] See Complaints in Pelt v. ConAgra Foods, Inc., CV-07-B-0592-S (N.D. Ala.); Deason v. ConAgra Foods, Inc., CV-07-B-0673-W (N.D. Ala.); Blasengame v. ConAgra Foods, Inc., 4-07-CV-74-HLM (N.D. Ga.); Griffin v. ConAgra Foods, Inc., 4-07-CV-100-HLM (N.D. Ga.); Livingston v. Wal-Mart Stores, Inc., 3:07-cv-0323 (W.D. La.); Gateley v. ConAgra Foods, Inc., 2:07CV35-P-A (N.D. Miss.); Manion v. ConAgra Foods, Inc., 4:07-cv-01122-CVP (E.D. Mo.); Kollar v. ConAgra Foods, Inc., 1:07-cv-130 (W.D.N.Y.); Porreca v. ConAgra Foods, Inc., 2:07-cv-02184-MMB (E.D. Pa.); Green v. ConAgra Foods, Inc., 3:07-cv-00269 (S.D. Tex.); Smith v. ConAgra Foods, Inc., 3:07-cv-0944-R (N.D. Tex.); Standard v. ConAgra Foods, Inc., 3:07-cv-0936-M (N.D. Tex.); Bornhofer v. ConAgra Foods, Inc., 1:07-cv-00581 (E.D. Wis.); Avalone v. ConAgra Foods, Inc., 1:07-cv-01769-TWT (N.D. Ga.); Blackwell v. ConAgra Foods, Inc., 1:07-CV-01745-TWT (N.D. Ga.); Cox v. ConAgra Foods, Inc., 1:07-cv-01712-TWT (N.D. Ga.); Jeffords v. ConAgra Foods, Inc., 1:07-cv-01748-TWT (N.D. Ga.); Price v. ConAgra Foods, Inc., 1:07-CV-01746-TWT (N.D. Ga.).

00107-GFVT. (Order attached as Exhibit C1) (holding "because this case is substantially similar to other pending food poisoning cases and because those other cases meet the amount in controversy requirement, it is likely that this case meets the amount in controversy requirement."); Wendy Mauro v. ConAgra Foods, Inc., Case No. 2:07CV104-P-A (Order attached as Exhibit C2) (finding remand inappropriate because plaintiff sought punitive damages and used "language indicating serious injuries that more often than not would result in damages in excess of $75,000.00 in Mississippi, including her claims to have 'suffered extreme physical injury, emotional distress, [and] economic losses...'"); William Hart v. ConAgra Foods, Inc., Case No. 1:07-cv-0395-JD T-WTL (Order attached as Exhibit C3) (holding that in class action complaint, amount in controversy for purported putative class exceeded $5,000,000.00.).

20. Based on the foregoing, ConAgra has met its burden of showing that the amount in controversy exceeds the jurisdictional amount in controversy requirement.

21. ConAgra has filed this removal. Winn-Dixie need not consent to this removal because it has been dismissed from this action.

22. In sum, because there is complete diversity of citizenship between Plaintiffs and ConAgra, because all served defendants consent to this removal, and, because Plaintiffs are seeking damages in excess of the $75,000.00 jurisdictional threshold, ConAgra may remove this action pursuant to 28 U.S.C. §§ 1332 and 1441(b). This action is one over which the United States District Courts have original jurisdiction by reason of the diversity of citizenship of the parties. Furthermore, this notice of removal is timely as it is being filed less than thirty (30) days after ConAgra was served with Plaintiffs' Complaint.

WHEREFORE, Defendant ConAgra Foods, Inc. respectfully requests that the above-captioned action now pending in the Circuit Court for Autauga County, Alabama, be removed to

the District Court for the Middle District of Alabama, Northern Division, and that said District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

This 20th day of August, 2007.

_____
Timothy W. Knight (KNI021)

_____
Luey W. Jordan (JOR037)

Kee & Selby, LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243
(205) 968-9900
fax (205) 968-9909
email: tk@keeselby.com
       lj@keeselby.com

Attorneys for Defendant
ConAgra Foods, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2007, I filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the U.S. District Court and served a copy of same on counsel for Plaintiffs via First-Class Mail, postage prepaid, to the following address:

>Joseph W. Warren
>Nicholas Cole Hughes
>6706 Taylor Circle
>Montgomery, Alabama 36117

_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AKC, ~~[redacted]~~, a minor, by and through his Mother and Father and Next Friend, and JARROD COKER and BARBARA W. COKER, individually,<br><br>　　　Plaintiffs,<br>v.<br><br>CONAGRA FOODS, INC.; WINN-DIXIE MONTGOMERY, INC.; Defendants "A" and "B", the inspector or technician who either failed to inspect the peanut butter purchased by Plaintiffs upon the occasion made the basis of this suit; Defendant "C", the person, firm or corporation responsible for the maintenance and inspection of the manufacturing plant producing the peanut butter which was purchased by Plaintiff; Defendant "D", the person, firm or corporation responsible for the preparation of the peanut butter containers upon the occasion made the basis of this suit, all of those whose true names are unknown to Plaintiff at this time but, will be added by Amendment when ascertained,<br><br>　　　Defendants. | CIVIL ACTION FILE NO.<br><br>**JURY TRIAL DEMANDED**<br><br>2:07CV743-mht |

## DISCLOSURE STATEMENT PURSUANT TO RULE 7.1

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and to enable District Court Judges and Magistrate Judges to evaluate possible disqualification or recusal, the undersigned counsel for ConAgra Foods, Inc. in the above-captioned action certifies that the general nature and purpose of the foregoing entity is the manufacture of food products.

Counsel also certifies that there are no parents, subsidiaries and/or affiliates of said party that have issued shares or debt securities to the public. No publicly held company owns 10% or more of ConAgra Foods, Inc.'s stock.

*[signature]*
Timothy W. Knight (KNI021)

*[signature]*
Lucy W. Jordan (JOR037)
Attorneys for Defendant
ConAgra Foods, Inc.


**OF COUNSEL:**

Kee & Selby, LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243
(205) 968-9900
fax (205) 968-9909
email: tk@keeselby.com
lj@keeselby.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2007, a copy of the foregoing pleading was served to the following by regular U.S. Mail:

Joseph W. Warren
Nicholas Cole Hughes
6706 Taylor Circle
Montgomery, AL 36117

_____
OF COUNSEL