## UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

August 30, 2007

## NOTICE OF CORRECTION

**From:   Clerk's Office**

**Case Style: A.K.C. , et al. v. Conagra Foods, Inc.**
**Case Number: 2:07-cv-743-MHT**

**Pleading : #11 - Amended Notice of Removal**

**Notice of Correction is being filed this date to advise that the referenced pleading was e-filed on 8/29/2007 with unredacted versions of Exhibits A-C3 attached.**

**The redacted copies of the pdf documents are attached to this notice.**

# EXHIBIT A

ALABAMA SJIS CASE DETAIL

Company Name: KEE & SELBY

PREPARED FOR: AMY MCCULLA

County:   04      Case Number: CV 2007 900057 00    Court Action:
Style: ███████████ *A.K.C.* ET AL V. CONAGRA FOODS, INC. ET AL

## Case

### Case Information

County:        04 - AUTAUGA
Case Number:   CV 2007 900057 00
JID:           BAF BEN A FULLER
Trial:         J
Style:         *AKC* ███████ ET AL V. CONAGRA FOODS
               INC. ET AL
Filed:         06/27/2007

### Case Type

Code:          TOPL
Type:          PRODUCTS LIABILITY
Track:
Status:        A
Plaintiffs:    003
Defendants:    002

### Court Action

OJID:
Court Action:
Judgment For:
Trial days:    0
Lien:          0

### Damages

Amount:        $0.00
Compensatory:  $0.00
Punitive:      $0.00
General:       $0.00
None:

### Other Actions

Con Date:                Cont #:               Why:
RevJmt:                  Admin Date:           Why:
Appeal Date:             Court:                Case:
Mistrial:
TBNV2:                   BSDT:                 DTYP:

### Comments

Comment 1:
Comment 2:

## Settings

### Court Dates

|    | Date: | Que: | Time: | Description: |
|----|-------|------|-------|--------------|
| 1: |       |      |       |              |
| 2: |       |      |       |              |
| 3: |       |      |       |      *AKC*    |
| 4: |       |      |       |              |

## Party 1 - C 001

### Party Information

Party:      C 001      Name: ████████ *AKC*              Type:    I Individual
Index:      Y          Alt Name:                         JID:     BAF
SSN:        XXX-XX-X999 DOB:            Sex:              Race:
Address 1:  237 NEW QUARTERS ROAD      Address 2:
Phone:      334        City: TALLASSEE State: AL   Zip: 36078-0000   Country: US
Dock:                  Notice:         Entered:

### Attorneys

Attorney 1: WAR017   Name:  WARREN JOSEPH W          City: MONTGOMERY   State: AL

| Attorney 2: HUG057 | Name: HUGHES NICHOLAS COLE | City: MONTGOMERY | State: AL |
| Attorney 3: | Name: | City: | State: |
| Attorney 4: | Name: | City: | State: |
| Attorney 5: | Name: | City: | State: |
| Attorney 6: | Name: | City: | State: |

### Service Information

| Issued: | Type: | Reissue: | Type: |
| Return: | Type: | Return: | Type: |
| Service: | Type: | Service On: | By: |
| Answer: | Type: | NS Not: | NA Not: |
| Warrant | Type: | Arrest: | |

### Court Action

| CACT: | Date: | For | Exempt: |
| Amount: $0.00 | Cost: $0.00 | Other: $0.00 | Satisfied: |
| Comment: | | | |

## Party 2 - C.002 - COKER JARROD

### Party Information

| Party: C.002 | Name: COKER JARROD | | Type: I Individual |
| Index: Y | Alt Name: | | JID: BAF |
| SSN: XXX-XX-X399 | DOB: | Sex: | Race: |
| Address 1: 237 NEW QUARTERS ROAD | | Address 2: | |
| Phone: 334 | City: TALLASSEE | State: AL Zip: 36078-0000 | Country: US |
| Dock: | Notice: | Entered: | |

### Attorneys

| Attorney 1: WAR017 | Name: WARREN JOSEPH W | City: MONTGOMERY | State: AL |
| Attorney 2: HUG057 | Name: HUGHES NICHOLAS COLE | City: MONTGOMERY | State: AL |
| Attorney 3: | Name: | City: | State: |
| Attorney 4: | Name: | City: | State: |
| Attorney 5: | Name: | City: | State: |
| Attorney 6: | Name: | City: | State: |

### Service Information

| Issued: | Type: | Reissue: | Type: |
| Return: | Type: | Return: | Type: |
| Service: | Type: | Service On: | By: |
| Answer: | Type: | NS Not: | NA Not: |
| Warrant | Type: | Arrest: | |

### Court Action

| CACT: | Date: | For | Exempt: |
| Amount: $0.00 | Cost: $0.00 | Other: $0.00 | Satisfied: |
| Comment: | | | |

## Party 3 - C.003 - COKER BARBARA W.

## Party Information

| | | | |
|---|---|---|---|
| Party: | C 003 | Name: | COKER BARBARA W. | Type: | I Individual |
| Index: | Y | Alt Name: | | JID: | BAF |
| SSN: | XXX-XX-X999 | DOB: | Sex: | Race: |
| Address 1: | 237 NEW QUARTERS ROAD | Address 2: |
| Phone: | 334 | City: | TALLASSEE | State: | AL | Zip: | 36078-0000 | Country: | US |
| Dock: | | Notice: | | Entered: |

## Attorneys

| | | | | |
|---|---|---|---|---|
| Attorney 1: | WAR017 | Name: | WARREN JOSEPH W | City: | MONTGOMERY | State: | AL |
| Attorney 2: | HUG057 | Name: | HUGHES NICHOLAS COLE | City: | MONTGOMERY | State: | AL |
| Attorney 3: | | Name: | | City: | State: |
| Attorney 4: | | Name: | | City: | State: |
| Attorney 5: | | Name: | | City: | State: |
| Attorney 6: | | Name: | | City: | State: |

## Service Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Issued: | | Type: | | Reissue: | | Type: |
| Return: | | Type: | | Return: | | Type: |
| Service: | | Type: | | Service On: | | By: |
| Answer: | | Type: | | NS Not: | | NA Not: |
| Warrant: | | Type: | | Arrest: |

## Court Action

| | | | | | |
|---|---|---|---|---|---|
| CACT: | | Date: | | For | | Exempt: |
| Amount: | $0.00 | Cost: | $0.00 | Other: | $0.00 | Satisfied: |
| Comment: |

---

### Party 4 - D 001 - CONAGRA FOODS, INC.

## Party Information

| | | | |
|---|---|---|---|
| Party: | D 001 | Name: | CONAGRA FOODS, INC. | Type: | B Business |
| Index: | Y | Alt Name: | | JID: | BAF |
| SSN: | XXX-XX-X999 | DOB: | Sex: | Race: |
| Address 1: | C/O THE PRENTICE HALL COR | Address 2: | 150 S. PERRY STREET |
| Phone: | 334 | City: | MONTGOMERY | State: | AL | Zip: | 36104-0000 | Country: | US |
| Dock: | | Notice: | | Entered: |

## Attorneys

| | | | | |
|---|---|---|---|---|
| Attorney 1: | | Name: | | City: | State: |
| Attorney 2: | | Name: | | City: | State: |
| Attorney 3: | | Name: | | City: | State: |
| Attorney 4: | | Name: | | City: | State: |
| Attorney 5: | | Name: | | City: | State: |
| Attorney 6: | | Name: | | City: | State: |

## Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | 06/27/2007 | Type: | S Sheriff | Reissue: | | Type: |
| Return: | | Type: | | Return: | | Type: |
| Service: | 07/31/2007 | Type: | S Served personally | Service On: | | By: |
| Answer: | | Type: | | NS Not: | | NA Not: |
| Warrant: | | Type: | | Arrest: |

## Court Action

| | | | |
|---|---|---|---|
| CACT: | Date: | For | Exempt: |
| Amount: $0.00 | Cost: $0.00 | Other: $0.00 | Satisfied: |
| Comment: | | | |

## Party 5 - D.002 - WINN-DIXIE MONTGOMERY, INC.

### Party Information

| | | | |
|---|---|---|---|
| Party: D-002 | Name: WINN-DIXIE MONTGOMERY, INC. | | Type: B Business |
| Index: Y | Alt Name: | | JID: BAF |
| SSN: XXX-XX-X999 | DOB: | Sex: | Race: |
| Address 1: C/O CSC LAWYERS INCORPORA | Address 2: 150 S. PERRY STREET | | |
| Phone: 334- | City: MONTGOMERY | State: AL Zip: 36104-0000 | Country: US |
| Dock: | Notice: | Entered: | |

### Attorneys

| | | | |
|---|---|---|---|
| Attorney 1: | Name: | City: | State: |
| Attorney 2: | Name: | City: | State: |
| Attorney 3: | Name: | City: | State: |
| Attorney 4: | Name: | City: | State: |
| Attorney 5: | Name: | City: | State: |
| Attorney 6: | Name: | City: | State: |

### Service Information

| | | | |
|---|---|---|---|
| Issued: 06/27/2007 | Type: S Sheriff | Reissue: | Type: |
| Return: | Type: | Return: | Type: |
| Service: 07/31/2007 | Type: S Served personally | Service On: | By: |
| Answer: | Type: | NS Not: | NA Not: |
| Warrant | Type: | Arrest: | |

### Court Action

| | | | |
|---|---|---|---|
| CACT: D DISMISSED W/O PREJUDICE | Date: 08/16/2007 | For C Plaintiff | Exempt: |
| Amount: $0.00 | Cost: $0.00 | Other: $0.00 | Satisfied: |
| Comment: | | | |

## Case Action Summary - 04CV CV2007900005700

| Date | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 06/27/2007 | 2:28:03 | EFILE | COMPLAINT E-FILED | WAR03 |
| 06/27/2007 | 2:45:06 | FILE | FILED THIS DATE: 06/27/2007          (AV01) | AJA |
| 06/27/2007 | 2:45:07 | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 06/27/2007 | 2:45:08 | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 06/27/2007 | 2:45:09 | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 06/27/2007 | 2:45:10 | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 06/27/2007 | 2:45:11 | ASSJ | ASSIGNED TO JUDGE: BEN A FULLER          (AV01) | AJA |
| 06/27/2007 | 2:45:12 | PART | ▓▓▓▓▓▓▓▓▓▓ ADDED AS C001          (AV02) | AJA |
| 06/27/2007 | 2:45:13 | ATTY | LISTED AS ATTORNEY FOR C001: WARREN JOSEPH W(AV02) | AJA |
| 06/27/2007 | 2:45:14 | ATTY | LISTED AS ATTORNEY FOR C001: HUGHES NICHOLAS COLE | AJA |
| 06/27/2007 | 2:45:18 | PART | COKER JARROD ADDED AS C002          (AV02) | AJA |
| 06/27/2007 | 2:45:19 | ATTY | LISTED AS ATTORNEY FOR C002: WARREN JOSEPH W(AV02) | AJA |
| 06/27/2007 | 2:45:20 | ATTY | LISTED AS ATTORNEY FOR C002: HUGHES NICHOLAS COLE | AJA |
| 06/27/2007 | 2:45:24 | PART | COKER BARBARA W. ADDED AS C003          (AV02) | AJA |
| 06/27/2007 | 2:45:25 | ATTY | LISTED AS ATTORNEY FOR C003: WARREN JOSEPH W(AV02) | AJA |
| 06/27/2007 | 2:45:26 | ATTY | LISTED AS ATTORNEY FOR C003: HUGHES NICHOLAS COLE | AJA |
| 06/27/2007 | 2:45:30 | PART | CONAGRA FOODS, INC. ADDED AS D001          (AV02) | AJA |

| 06/27/2007 | 2:45:31 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE    (AV02) | AJA |
| 06/27/2007 | 2:45:32 | SUMM | SHERIFF ISSUED 06/27/2007 TO D001    (AV02) | AJA |
| 06/27/2007 | 2:45:36 | PART | WINN-DIXIE MONTGOMERY, INC. ADDED AS D002    (AV02) | AJA |
| 06/27/2007 | 2:45:37 | ATTY | LISTED AS ATTORNEY FOR D002: PRO SE    (AV02) | AJA |
| 06/27/2007 | 2:45:38 | SUMM | SHERIFF ISSUED 06/27/2007 TO D002    (AV02) | AJA |
| 08/10/2007 | 9:26:27 | TEXT | VOLUNTARY DISMISSAL AS TO WINN DIXIE MONTGOMERY | AJS |
| 08/10/2007 | 9:28:28 | TEXT | INC ONLY (GRANTED) (COPY TO ATTYS) | AJS |
| 08/10/2007 | 5:16:41 | EMOT | C001-C002-C003-OTHER    VOLUNTARY DISMISSAL FILED | HUG067 |
| 08/31/2007 | 5:30:53 | EMOT | MOTION - TRANSMITTAL | HUG057 |
| 08/31/2007 | 9:20:05 | EMOT | C001-C002-C003-OTHER / DOCKETED | AJS |
| 08/16/2007 | 9:21:34 | SERC | SERVICE OF SERVED PERSON ON 07/31/2007 FOR D001 | AJS |
| 08/16/2007 | 9:21:43 | SERC | SERVICE OF SERVED PERSON ON 07/31/2007 FOR D002 | AJS |
| 08/16/2007 | 9:26:27 | PDIS | D002 DISPOSED BY (DISM W/O PREJ) ON 08/16/2007 | AJS |

**END OF THE REPORT**

# EXHIBIT B

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>04-CV-200<br>Date of Filing:<br>06/27/2007 | ELECTRONICALLY FILED<br>6/27/2007 2:28 PM<br>CV-2007-900057.00<br>CIRCUIT COURT OF<br>AUTAUGA COUNTY, ALABAMA<br>WHIT MONCRIEF, CLERK |

## GENERAL INFORMATION

**IN THE CIRCUIT OF AUTAUGA COUNTY, ALABAMA**

*AKC* ~~_____~~ ET AL v. CONAGRA FOODS, INC. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual    **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other                       ☐ Government  ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☑ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
     Appeal/Enforcement of Agency Subpoena/Petition to
     Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory
     Judgment/Injunction Election Contest/Quiet Title/Sale For
     Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

| **ORIGIN:** | F ☑ **INITIAL FILING** | A ☐ **APPEAL FROM DISTRICT COURT** | O ☐ **OTHER** |
| | R ☐ **REMANDED** | T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT** | _____ |

**HAS JURY TRIAL BEEN DEMANDED?**    ☑ Yes  ☐ No

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**    WAR017         6/27/2007 2:27:36 PM         /s JOSEPH WARREN

**MEDIATION REQUESTED:**    ☐ Yes  ☑ No  ☐ Undecided

ELECTRONICALLY FILED
6/27/2007 2:28 PM
CV-2007-900057.00
CIRCUIT COURT OF
AUTAUGA COUNTY, ALABAMA
WHIT MONCRIEF, CLERK

## IN THE CIRCUIT COURT FOR
## AUTAUGA COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| ▓▓▓▓▓▓ AKC ▓▓▓ a minor, by and through his Mother and Father and Next Friend, and **Jarrod Coker** and **Barbara W. Coker** individually, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | **CASE NO. CV-07-_____** |
| Vs. | ) ) ) | **TRIAL DEMANDED BY STRUCK JURY** |
| **Conagra Foods, Inc.; Winn-Dixie Montgomery, Inc.**; Defendants "A" and "B", the inspector or technician who either failed to inspect the peanut butter or negligently inspected the peanut butter purchased by Plaintiffs upon the occasion made the basis of this suit; Defendant "C", the person, firm or corporation responsible for the maintenance and inspection of the manufacturing plant producing the peanut butter which was purchased by Plaintiff; Defendant "D", the person, firm or corporation responsible for the preparation of the peanut butter containers upon the occasion made the basis of this suit, all of those whose true names are unknown to Plaintiff at this time but, will be added by Amendment when ascertained, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW ▓▓▓ AKC ▓▓▓▓▓, a minor, by and through his Mother and Father and

Next Friend, and Jarrod Coker and Barbara W. Coker, individually, naming as Defendants

Conagra Foods, Inc. and Winn-Dixie Stores, Inc., alleging as follows:

*AKC*

1.    Plaintiff, ▓▓▓▓▓▓▓▓▓▓ (hereinafter "Plaintiff Minor"), is a minor born on December 6, 2000. He currently resides with his parents in Tallassee, Alabama. On the date of the incident described below, Plaintiff Minor was five years old.

2.    Jarrod Coker and Barbara W. Coker (hereinafter "Plaintiff Parents") are the father and mother of the Plaintiff Minor and they bring this action as Next Friend of him and in their individual capacity.

3.    Defendant, Conagra Foods, Inc. (hereinafter "Defendant Producer") is a foreign entity organized under the laws of Delaware. Defendant Producer is registered with the Alabama Secretary of State. At all times mentioned herein, Defendant Producer packaged and sold Peter Pan brand peanut butter.

4.    Defendant, Winn-Dixie Montgomery, Inc. (hereinafter "Defendant Store") is a foreign entity licensed to do business in the State of Alabama that engages in the business of managing and operating grocery stores and related food services. At all times mentioned herein, Defendant Store sold Peter Pan brand peanut butter to members of the general public.

5.    The fictitious Defendants, whose names are currently unknown, are the entities who manufactured, produced, stored, maintained and prepared the tainted peanut butter underlying the incident made the subject of this matter.

## SUMMARY OF FACTS

6.    This matter arises because Plaintiff Minor consumed Peter Pan brand peanut butter that was contaminated with salmonella. Plaintiff Minor spent over one week in the hospital as a result of salmonella poisoning and had to endure severe pain and other symptoms. Plaintiff Parents incurred over $20,000.00 in medical bills associated with the care of Plaintiff Minor.

2

7.    During the early fall of 2006, Plaintiff Parents purchased Peter Pan brand peanut butter from Winn-Dixie (store #527). They purchased the peanut butter for consumption on behalf of their family, including Plaintiff Minor.

8.    Plaintiff Minor consumed said peanut butter (product codes 2111616300917A and 211143230000725A) and became very ill. Upon admission to the hospital, and after being examined by several different physicians, Plaintiff Minor was diagnosed with salmonella poisoning.

9.    Plaintiff Minor was in the hospital for approximately one week. Upon his discharge from the hospital, his body was in such a weakened state from the illness that he was caused to be absent from school for one month. Plaintiff minor remains in a weakened state and continues to take medication daily as a result of the salmonella poisoning.

10.    During such time, Plaintiff Barbara W. Coker took a leave-of-absence from her job in order to care for Plaintiff Minor.

11.    Upon information and belief, Defendant Producer was aware of a flaw and/or danger in its peanut butter manufacturing and packaging process insofar as it had received inquiry into such by the Food and Drug Administration during 2005. Notwithstanding such, Defendant Producer did nothing in order ensure the safety of its product and did not respond to the Food and Drug Administration's inquiry.

### Count I
### ALABAMA EXTENDED MANUFACTURE'S LIABILITY DOCTRINE

12.    Defendants Producer and Store sold the peanut butter and placed it in the stream of commerce where Plaintiffs ultimately purchased and consumed the same.

3

13.     The peanut butter reached Plaintiff Minor without any substantial change in its condition from the time it was sold by Defendants.  Plaintiff Minor was the ultimate user or consumer of such as defined by the Alabama Extended Manufacture's Liability Doctrine.

14.     When said peanut butter reached Plaintiff Minor, either the peanut butter itself or its container was in a defective condition and/or in a condition that was unreasonably dangerous to Plaintiff as the ultimate user or consumer because it was contaminated with salmonella bacteria.

15.     Defendants knew the peanut butter was intended for human consumption and Defendants knew or should have known the peanut butter would be consumed without inspection for contaminates by the ultimate consumer, such as Plaintiff Minor or his parents.  Defendants failed to adequately inspect the peanut butter and/or its container for defects.

16.     In consuming the peanut butter as it was so intended to be consumed, Plaintiff Minor suffered injuries and damages as a proximate result of the peanut butter's defective and/or unreasonably dangerous condition.

## Count II
## BREACH OF WARRANTIES

17.     Plaintiffs hereby adopt and incorporate paragraphs numbered 1-16 above herein.

18.     Defendants are merchants under § 7-2-104 of the Code of Alabama (1975).

19.     The aforementioned peanut butter purchased by Plaintiff Parents and consumed by Plaintiff Minor was subject to implied warranties of merchantability under § 7-2-314 of the Code of Alabama (1975).

20.     Defendants, to induce said sale, made certain implied warranties and representations to Plaintiffs.

21.    Said implied warranties and representations included, but were not limited to, the following:

(a)    Said peanut butter and/or its container were of good, sound and merchantable quality;

(b)    Said peanut butter and/or its container were free from contamination;

(c)    Said peanut butter and/or its container were produced and designed to be consumed without inspection for contamination.

22.    Said peanut butter and/or its container were not as warranted and represented and Plaintiffs have suffered from the Defects. Such products, therefore, breached their implied warranties of merchantability.

### Count III
### NEGLIGENCE AND WANTONESS

23.    Plaintiffs hereby adopt and incorporate paragraphs numbered 1-22 above herein.

24.    Prior to the time when Plaintiff Parents purchased said peanut butter, Defendants negligently and/or wantonly failed to properly manufacture, transport, deliver, inspect, maintain or prepare the peanut butter and/or its container and allowed Plaintiff Parents to purchase such and further allowed Plaintiff Minor to consume such.

25.    Defendants owed a duty to Plaintiffs to properly manufacture, transport, deliver, inspect, maintain or prepare the peanut butter and/or its container. Defendants breached said duty and Plaintiffs suffered injuries as a result.

### Count IV
### GROSS NEGLIGENCE

26.    Plaintiffs hereby adopt and incorporate paragraphs numbered 1-25 above herein.

27.     The conduct on the part Defendant Producer in failing to address the concerns of the Food and Drug Administration and in otherwise failing to properly manufacture, transport, deliver, inspect, maintain or prepare the peanut butter and/or its container constituted gross negligence, recklessness, and willful and wanton disregard to the safety of Plaintiff and others.

28.     That by reason of Defendant Producer's negligence, gross negligence, and wanton conduct, and as a result of Plaintiff Minor's consuming tainted food product, punitive damages are warranted under the circumstances.

## Count IV
## STRICT LIABILITY

29.     Plaintiffs hereby adopt and incorporate paragraphs numbered 1-28 above herein.

30.     Defendants had exclusive control over the production, manufacturing, packaging, storing and shipping of the peanut butter and/or its container.  Plaintiffs ultimately purchased such product at Winn-Dixie (store #527) in Autauga County, Alabama.

31.     Plaintiff Minor encountered tainted peanut butter inside the sealed container and such jar had not been tampered with by anyone else.

32.     Under the circumstances, contaminated peanut butter is not found inside a sealed jar which is pre-packaged for sale to the general public unless Defendants were negligent and/or wanton.

33.     There is no other probable cause for contaminated peanut butter being contained within a sealed jar newly opened by Plaintiff Parents and consumed by Plaintiff Minor other than the negligence and/or wantonness on the part of Defendants.

34.     Defendants are strictly liable for the condition of the peanut butter and/or its container said condition of which was the proximate cause of Plaintiffs' injuries.

**WHEREFORE,** Plaintiffs request relief as follows:

1.    A judgment in excess of the jurisdictional minimum for this Court for Plaintiff Minor's medical bills;

2.    A judgment in excess of the jurisdictional minimum for this Court for lost wages of Plaintiff Barbara W. Coker;

3.    Punitive damages as a result of Defendant's conduct;

4.    Such other and further relief as this Court deems just and proper.

### TRIAL DEMANDED BY STRUCK JURY

s/ Joseph W. Warren
Joseph W. Warren (WAR017)
Nicholas Cole Hughes (HUG057),
Attorneys for Plaintiffs.

**Of Counsel:**

Joseph W. Warren (WAR017)
6706 Taylor Circle
Montgomery, AL 36117
Tel:  334-279-0088
Fax:  334-279-8830
Email:  Auattny@aol.com

Nicholas Cole Hughes (HUG057)
6706 Taylor Circle
Montgomery, AL 36117
Tel:  334-279-0088
Fax:  334-279-8830
Email:  Nhughes465@aol.com

**STATE OF ALABAMA**
Unified Judicial System

*Revised 2/14/05*

04-AUTAUGA    ☐ District Court  ☑ Circuit Court

Case

CV200

ELECTRONICALLY FILED
8/10/2007 5:16 PM
CV-2007-900057.00
CIRCUIT COURT OF
AUTAUGA COUNTY, ALABAMA
WHIT MONCRIEF, CLERK

*AKC*
_____ ET AL V. CONAGRA
FOODS, INC. ET AL

**CIVIL MOTION COVER SHEET**
*Name of Filing Party:* C003 - COKER BARBARA W.

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*
NICHOLAS HUGHES
6706 TAYLOR CIRCLE
MONTGOMERY, AL 36117

*Attorney Bar No.:* HUG057

☐ Oral Arguments Requested

---

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Other _____ | ☐ Joinder |
| pursuant to Rule _____ ($50.00) | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| ☐ Local Court Costs $ _____ | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other    Voluntary Dismissal |
| | pursuant to Rule A.R.C.P. 41    (Subject to Filing Fee) |

---

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date:<br>8/10/2007 5:15:11 PM | Signature of Attorney or Party:<br>/s NICHOLAS HUGHES |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
8/10/2007 5:16 PM
CV-2007-900057.00
CIRCUIT COURT OF
AUTAUGA COUNTY, ALABAMA
WHIT MONCRIEF, CLERK

IN THE CIRCUIT COURT FOR
AUTAUGA COUNTY, ALABAMA

*AKC*

_____, a minor, by      )
and through his Mother and Father and    )
Next Friend, and **Jarrod Coker** and    )
**Barbara W. Coker** individually,    )
                                      )
                Plaintiffs,           )          CASE NO.  CV-07-900057
                                      )
Vs.                                   )
                                      )
                                      )
**Conagra Foods, Inc.; Winn-Dixie**   )
**Montgomery, Inc.;** Defendants "**A**"  )
and "**B**", the inspector or technician  )
who either failed to inspect the peanut   )
butter or negligently inspected the       )
peanut butter purchased by Plaintiffs     )
upon the occasion made the basis of       )
this suit; Defendant "**C**", the person,  )
firm or corporation responsible for the   )
maintenance and inspection of the         )
manufacturing plant producing the         )
peanut butter which was purchased by      )
Plaintiff; Defendant "**D**", the person,  )
firm or corporation responsible for the   )
preparation of the peanut butter          )
containers upon the occasion made the     )
basis of this suit, all of those whose true  )
names are unknown to Plaintiff at this    )
time but, will be added by Amendment      )
when ascertained,                         )
                                      )
                Defendants.            )

1

## VOLUNTARY DISMISSAL

COME NOW the Plaintiffs, by and through the undersigned, and hereby request pursuant

to A.R.C.P. 41, a voluntary dismissal of Defendant **Winn-Dixie Montgomery, Inc.** only.

s/ Nicholas Cole Hughes
Joseph W. Warren (WAR017)
Nicholas Cole Hughes (HUG057),
Attorneys for Plaintiffs.

**Of Counsel:**

| | |
|---|---|
| Joseph W. Warren (WAR017) | Nicholas Cole Hughes (HUG057) |
| 6706 Taylor Circle | 6706 Taylor Circle |
| Montgomery, AL 36117 | Montgomery, AL 36117 |
| Tel:  334-279-0088 | Tel:  334-279-0088 |
| Fax:  334-279-8830 | Fax:  334-279-8830 |
| Email:  Auattny@aol.com | Email:  Nhughes465@aol.com |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing instrument has been served upon the

following parties via. Email and/or the Court's cm/ecf system this 10th day of August 2007.

**Warren Butler**
**wbutler@starneslaw.com**

**David L. Gay**
**dgay@smithhulsey.com**

s/ Nicholas Cole Hughes
Nicholas Cole Hughes (HUG057)

2

# EXHIBIT C1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| DARREN AMBROZICH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | |
| CONAGRA FOODS, INC., | ) | 7:07-106 |
| | ) | |
| Defendant. | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on a Motion to Remand filed by the Plaintiff, Darren Ambrozich ("Ambrozich") [R. 5] and a Motion to Stay filed by the Defendant, ConAgra Foods, Inc. (""ConAgra").  Because it is not clear whether the jurisdictional amount is met and because Ambrozich does not contest ConAgra's Motion for a Stay, this Court will stay all proceedings, including any necessary discovery regarding the issue of damages, pending a determination by the Judicial Panel on Multidistrict Litigation on the propriety of transfer and consolidation of this case in the matter of MDL-1845, *In re ConAgra Peanut Butter Products Liability Litigation.*

## I.

## BACKGROUND

Ambrozich, a Kentucky citizen, brought this action against ConAgra, a Delaware corporation with its principal place of business in Nebraska, in Magoffin Circuit Court on April 23, 2007. [R. 1 at 2 & ex. B at 3].  In his Complaint, Ambrozich alleges that he became violently ill after eating peanut butter cookies made from ConAgra-produced Peter Pan peanut butter. [R. 1

ex. B at 4-8]. As a result of his being ill, he was weak for several days. [*Id.*]. He later learned

that the Peter Pan peanut butter was contaminated with bacteria. [*Id.*].

ConAgra was served on April 24, and it removed the action to this Court on May 11. [R. 1 at 2]. Ambrozich now moves this Court to remand the action because the amount in controversy requirement is not met. [R. 5]. In his Complaint, Ambrozich stated that the damages would not exceed $74,999.99. [R. 1 ex. B at 10]. He has not, however, filed any stipulation or affidavit stating that she does not and will not seek damages in excess of this amount.

ConAgra has also notified this Court that this action may be consolidated with current multidistrict litigation proceedings, *In re ConAgra Peanut Butter Products Liability Litigation*, MDL-1845. [R. 4]. ConAgra asks this Court to stay its ruling on the Motion to remand, and Ambrozich does not contest ConAgra's Motion to Stay. Because the amount in controversy is not clear and because this issue might be similar to other cases consolidated in the multidistrict litigation, the Court will decline to rule on the Motion to Remand at this time and will instead enter a stay of all proceedings.

## II.

### DISCUSSION

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This court has original "diversity" jurisdiction of all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" those who are "citizens of different states." *See* 28 U.S.C. § 1332(a)(1). In this case, the removal by Ambrozich was based on diversity jurisdiction under 28 U.S.C. § 1332, and

he bears the burden of proving that removal was proper and that it has met the diversity

jurisdiction requirements. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000)

(citations omitted).

A complaint's statement that the damages at issue are less than this Court's jurisdictional

amount is not conclusive for removal purposes. *See, e.g., Parnell v. State Farm Mut. Auto. Ins.*

*Co.*, 173 F.R.D. 446, 447 (W.D. Ky. 1997) (holding that because of Kentucky Rule 54.03(2), a

plaintiff may recover more damages than sought in the complaint); *see also Ambrozich v.*

*ConAgra Foods, Inc.*, 7:07-cv-00107-GFVT, Order Regarding Plaintiff's Motion to Remand

(2007) (explaining why *Rogers* is applicable to the type of situation present in this action).

Because Ambrozich is not bound by the limitation placed on his damages, this Court must ask

whether, at the time of removal, it was more likely than not that he met the jurisdictional

threshold. The answer to this question is unclear. He does not allege that he ever sought medical

attention for his illness, much less was he ever hospitalized. [*See* R. 1 ex. B]. He bases his claim

on one night's illness, several days of weakness, and unspecific and speculative ongoing

gastrointestinal illness. [*Id.*]. It is not clear without further inquiry and discovery how

Ambrozich could recover $75,000.00.

Normally, the Court would allow limited discovery on the nature of the damages.

However, this action is in a slightly different posture than most. Currently, it awaits the

Multidistrict Litigation Panel's ruling on whether to transfer this action to an ongoing

multidistrict action, *In re ConAgra Peanut Butter Products Liability Litigation*, MDL-1845. [R.

4]. Damages issues may very well be applicable to other cases within the consolidated action.

As a result, the question of whether damages are sufficient in this action—an action in which the

-3-

damages threshold is not clearly met—is best reserved for a later time.  Therefore, in the interest

of efficiency and economy, all proceedings in this action should be stayed pending the Panel's

decision on whether to consolidate this case with MDL-1845.

### III.

### CONCLUSION

Accordingly, the Court, being otherwise fully and sufficiently advised, it is hereby

**ORDERED** as follows:

1.      that the Defendant's Motion for a Stay of all Proceedings pending transfer

decision by the Judicial Panel on Multidistrict Litigation [R. 4] is **GRANTED**; and

2.      that, other than those inspections mutually agreed upon by the parties, this matter

is **STAYED** pending a decision by the Judicial Panel on Multidistrict Litigation.

This the 2nd day of August, 2007.



Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**

-4-

**EXHIBIT C2**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

WENDY L. MAURO,                                    **PLAINTIFF,**

VS.                                                **CIVIL ACTION NO. 2:07CV104-P-A**

CONAGRA FOODS, INC.,                               **DEFENDANT.**

### ORDER

This matter comes before the court upon Plaintiff's Motion to Remand [9]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

For substantially the same reasons discussed in this court's ruling in *Holmes v. Citifinancial Mortgage Company, Inc.*, 436 F.Supp.2d 829 (N.D.Miss.2006), the court finds that the instant motion to remand is not well-taken and should be denied. Although the Complaint explicitly limits the damages sought to $74,900.00, the defendant has met their burden in demonstrating by a preponderance of the evidence – *i.e.*, more likely than not – that the actual amount in controversy is in excess of $75,000.00 and the plaintiff has not rebutted that showing by demonstrating that it is legally certain the plaintiff is limited to recovering less than $75,000.00. The plaintiff herself did not file an affidavit limiting herself to less than $75,000.00 in damages, nor did she file an affidavit preventing her from filing an amended complaint seeking more than $75,000.00 in the event this case were remanded. It is undisputed that Mississippi law allows a plaintiff to amend her complaint after removal from federal court and to recover damages in excess of the amount contained in her complaint's *ad damnum* clause. Furthermore, the plaintiff explicitly seeks punitive damages and uses language indicating serious injuries that more often than not would result in damages in excess of $75,000.00 in Mississippi, including her claims to have "suffered extreme physical injury, emotional

1

distress, [and] economic losses ...."

   **IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand

[9] is **DENIED**.

   **SO ORDERED** this the 10th day of August, A.D., 2007.

                                   /s/ W. Allen Pepper, Jr.
                                   W. ALLEN PEPPER, JR.
                                   UNITED STATES DISTRICT JUDGE

**EXHIBIT C3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| WILLIAM HART, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:07-cv-0395-JDT-WTL |
| CONAGRA FOODS, INC., | ) ) | |
| Defendant. | ) ) | |

### ENTRY DENYING MOTION TO REMAND (DOC.#13) AND GRANTING MOTION TO STAY (DOC.#15)[1]

On February 16, 2007, Defendant, ConAgra Foods, Inc. ("ConAgra"), announced

that the peanut butter it manufactured at its Sylvester, Georgia plant, which bore a

product code beginning with 2111, had been affected by the Salmonellosis bacteria.

Consumers were told to destroy the peanut butter.  Plaintiff, William Hart, consumed

peanut butter that was manufactured by the Defendant, ConAgra, and subsequently

suffered gastrointestinal problems.  He filed suit in Indiana state court against ConAgra,

on behalf of himself and all others in Indiana similarly situated.  ConAgra removed the

lawsuit here based on diversity and the Class Action Fairness Act.  Hart has filed a

motion to remand the matter back to state court because there is an insufficient amount

of money at controversy to satisfy jurisdictional requirements.  ConAgra opposes that

motion and also has filed its own motion which asks the court to stay the matter to allow

---

[1] This Entry is a matter of public record and will be made available on the court's web site.  However, the discussion contained herein is not sufficiently novel to justify commercial publication.

the Judicial Panel on Multidistrict Litigation (the "Panel") to review the propriety of the various transfer motions which have been filed in similar litigation across the country. For the reasons discussed in this entry, this court finds no merit in either motion.

### *Motion to Remand*

Removal allows a defendant to have an action filed in a state court transferred to the appropriate federal court if the action originally could have been filed there.[2] 28 U.S.C. § 1441(a); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). As the party invoking the federal court's jurisdiction, the defendant bears the burden of demonstrating that jurisdiction exists. *Chase*, 110 F.3d at 427. Jurisdiction is determined as of the moment of removal. *Matter of Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992).

To remove a typical case to federal court based upon diversity jurisdiction, in addition to demonstrating the diverse citizenship of the parties, a defendant must show that the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a). Where, as here, the Plaintiff is seeking class certification, the applicable statute requires Defendant demonstrate that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs ...." 28 U.S.C. § 1332(d)(2); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th

---

[2] The court must be in the district and division embracing the place where the state action was pending. 28 U.S.C. § 1441(a).

Cir. 2005). In many states, this is easy because the Defendant can place a price tag on the litigation by simply referring to the money demanded in good faith in the complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-89 (1938). However, in states such as Indiana, which prohibit personal injury plaintiffs from listing a dollar figure in their complaints, *see* Ind. T.R. 8(A)(2), a defendant must establish the amount in controversy by other means.

The Seventh Circuit has stated that the party seeking removal is required to prove to "a reasonable probability" that jurisdiction exists. *Smith v. Am. Gen. Life & Acc. Ins. Co.,* 337 F.3d 888, 892 (7th Cir. 2003); *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 428 (7th Cir. 1997). However, this rule does not mean that the defendant must establish, to a reasonable probability, what the plaintiff *will* collect. *Brill,* 427 F.3d at 448. Rather, the goal is to determine the cost or value of complying with the plaintiff's demands, from either party's perspective. *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 542 (7th Cir. 2006). In this sense, in its removal petition, the defendant is only providing an estimate of its exposure or potential maximum loss. Thus, to remove a case, a defendant need only state a basis for its estimate. It can fulfill this requirement by pointing to relevant contentions or admissions, settlement demands, by calculation of the complaint's allegations, or in any other number of ways that might be appropriate. *Id.* at 541-42.

Here, ConAgra contends that it has a good faith basis to believe that there is more than $5,000,000 at stake, or above $25,000 per class member (conservatively estimating a class of at least 200 based upon Hart's own allegation that the class of

-3-

plaintiffs will total in the hundreds), because in similar class action filings addressing the same incident of contamination, which have been filed in other jurisdictions which allow the mention of specific amounts in the prayer for damages, the damages averred against it have been in excess of $25,000 per plaintiff. Further, ConAgra points to damages well in excess of $25,000 which have been awarded in other Salmonella poisoning cases, such as *Arbough v. Sweet Basil Bistro, Inc.*, 740 So.2d 186 (La. App. 1999), and numerous other unpublished decisions and settlements which can be found in electronic form. *See, e.g., Knotts v. Black Forest Cakes & Pastries*, 2003 WL 23515016, JAS MI Ref. No. 406136WL (Mich. Cir. Ct. Dec. 30, 2003); *Pavalounis v. L&B Spumoni Gardens*, 2002 WL 31887106 (N.Y. Sup. Ct. July 8, 2002).

Plaintiff contends that these other decisions are distinguishable and that the Center for Disease Control has listed only sixteen incidents where Indiana victims who ingested the peanut butter have reported serious symptoms. Hart also points out that he has stated in his complaint that the total amount of damages at stake does not exceed $5,000,000. The problem with Hart's argument is two-fold. Even if there are only sixteen or even six serious incidents of poisoning encompassed in the class, there is no way to be sure at this point that the amount at stake in those specific serious cases are not enough to push the total amount in controversy to or past the $5,000,000 mark. *See Anonymous 32 Year Old Plaintiff v. Anonymous Restaurant*, 2002 WL 1870399, JAS VA Ref. No. 400028WL (Va. Cir. Ct. Feb. 2, 2002) (settlement of $4,000,000 in Salmonella poisoning case which resulted in plaintiff suffering permanent disability and also chronic depression). As for Hart's averment in his complaint that the

-4-

total amount at issue is not in excess of the required amount for federal jurisdiction, the same is of no moment unless it is made in the form of a stipulation or affidavit submitted at the time of the complaint's initial filing. *In re Shell Oil Co.*, 970 F.2d 355 (7th Cir. 1996). As Judge Sarah Evans Barker of this court has stated in the past, plaintiffs with claims below the jurisdictional minimum who wish to protect against removal "must demonstrate a certain prescience in anticipating this possibility and protecting themselves in advance by attaching an affidavit or stipulation to the complaint." *King v. Wal-Mart Stores, Inc.*, 940 F. Supp. 213, 216 (S.D. Ind. 1996). With the ball in his court at the time he filed his complaint, Hart demonstrated no such prescience and, therefore, left himself unprotected against removal.

### Motion To Stay

ConAgra reports that there are at least 31 federal cases pending as a result of its recall of the tainted peanut butter, 21 of them putative class actions. All such actions contain similar allegations as advanced by Hart here. Four motions filed by various plaintiffs' counsel seek transfer of these cases to a single judicial district and ConAgra has joined in two of those transfer requests. It asks this court to stay all proceedings in this matter until such time as the pending transfer requests are reviewed by the Panel. A letter from the Panel Chairman, issued March 14, 2007, advises trial court judges with such cases before them that the Panel has received a motion to transfer all "ConAgra Peanut Butter Products Liability Litigation" and that after complete briefing, the motion will be considered at the next bimonthly Panel hearing session. The court also notes

-5-

that the conditional transfer order was issued by the Panel on July 17, 2007. Therefore, a stay pending completion of the transfer is appropriate.

### _Conclusion_

Defendant, ConAgra, has met its burden of showing that an amount in excess of $5,000,000 is "to a reasonable probability" in controversy in connection with this putative class action. Accordingly, Plaintiff's Motion to Remand (Doc. #13) is **DENIED** and Defendant's Motion to Stay Proceedings Pending Ruling on MDL (Doc. #15) is **GRANTED**. This action is **STAYED** pending transfer to the multidistrict litigation in the Northern District of Georgia.

ALL OF WHICH IS ENTERED this 7th day of August 2007.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Magistrate Judge William T. Lawrence

Gabriel Adam Hawkins
COHEN & MALAD LLP
ghawkins@cohenandmalad.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Vess Allen Miller
COHEN & MALAD, LLP
vmiller@cohenandmalad.com

Stephen A. Oliver
BOREN OLIVER & COFFEY
steveoliver@boclawyers.com

Miriam A. Rich
GONZALEZ SAGGIO & HARLAN, LLP
richm@gshllp.com

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com

Alejandro Valle
GONZALEZ SAGGIO & HARLAN LLP
alejandro_valle@gshllp.com